RECORD NO. 14-4959

In The

# United States Court of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

## ENNIS TREVOR BILLUPS,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO

———————

## SUPPLEMENTAL BRIEF OF APPELLANT

———————

**Robert L. McClellan**
IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP
**100 South Elm Street, Suite 500**
**Greensboro, North Carolina 27401**
**(336) 274-4658**

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES..........................................ii

I.   STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION.....1

II.  STATEMENT OF THE ISSUES PRESENTED FOR REVIEW..............2

III. STATEMENT OF THE CASE.....................................2

    A.   STATEMENT OF THE FACTS...............................6

    B.   GUIDELINES APPLICATION...............................7

IV.  SUMMARY OF THE ARGUMENT...................................9

V.   ARGUMENT.................................................10

    A.   BY THE APPLICATION OF JOHNSON V. UNITED STATES,
         135 S. CT. 2551 (DECIDED JUNE 26, 2015), THE
         DEFENDANT WAS WRONGFULLY SENTENCED AS AN ARMED
         CAREER CRIMINAL BY APPLICATION OF THE RESIDUAL
         CLAUSE UNDER 18 U.S.C. § 924(e)(2)(B)...............10

         Standard of Review.................................10

    B.   SHOULD THE ABOVE SENTENCE BE STRICKEN, CAN THERE
         BE FURTHER APPLICATION OF THE ARMED CAREER
         CRIMINAL ACT TO IMPOSE A SENTENCE OF 15 YEARS OR
         GREATER............................................16

VI.  CONCLUSION...............................................16

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Anders v. California,
    386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)......6

Caldwell v. United States,
    2014 WL 2986025 (W.D.N.C. 2014)...........................15

James v. United States,
    550 U.S. 192, 127 S. Ct. 1586, 167 L. Ed. 2d 532 (2007)...11

Johnson v. United States,
    135 S. Ct. 2551 (2015)...............................passim

Newby v. United States,
    2015 WL 1824246 (E.D.N.C. 2015)...........................15

Sykes v. Unites States,
    564 U.S. 1, 131 S. Ct. 2267, 180 L. Ed. 2d 60 (2011)......11

Taylor v. United States,
    495 U.S. 75, 600, 110 S. Ct. 2143,
    209 L. Ed. 2d 607 (1990).............................12, 13

United States v. Bradley,
    455 F.3d 453, 462 (4th Cir. 2006) ........................10

United States v. Brewer,
    1 F.3d 1430 (4th Cir. 1993) ..............................10

United States v. Carmichael,
    408 Fed. Appx. 769 (2011)................................15

United States v. Cook,
    26 F.3d 507 at 509 (4th Cir. 1994) .......................14

United States v. Davis,
    720 F.3d 215 (4th Cir. 2013) ...........................4, 8

United States v. Simmons,
    649 F.3d 237 (2011)....................................3, 8

**STATUTES**

18 U.S.C. § 922(g)...............................................8

18 U.S.C. § 922(g)(1).........................................1, 2

18 U.S.C. § 924(e)........................................2, 8, 17

18 U.S.C. § 924(e)(1)...........................................1

18 U.S.C. § 924(e)(2)(B)...................................<u>passim</u>

18 U.S.C. § 924(e)(2)(B)(i)..................................9, 14

18 U.S.C. § 924(e)(2)(B)(ii).............................9, 10, 15

18 U.S.C. § 3231................................................1

18 U.S.C. § 3553................................................5

18 U.S.C. § 3742(a)(2).........................................2

28 U.S.C. § 1291...............................................1

**RULES**

Fed. R. App. P. 4(b)...........................................1

Fed. R. App. P. 28(e)..........................................2

Fed. R. Crim. P. 11...........................................10

Fed. R. Crim. P. 11(h)........................................10

## I.   STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is a direct appeal by the Defendant from his criminal conviction and final order in a Federal criminal case. The Appellant, Ennis Trevor Billups, was charged with the offense of Possession of a Firearm by a Convicted Felon, under 18 U.S.C. § 922(g)(1) and 924(e)(1).

The Indictment specifically alleges that on or about October 14, 2013, in Forsyth County, North Carolina, the Appellant, having been previously convicted of three previous violent felonies or serious drug offenses, or both, committed on occasions different from one another, and each conviction being a crime punishable by imprisonment for a term exceeding one year, possessed a Taurus .38 caliber handgun, in violation of the United States Code. The Honorable William L. Osteen, Jr., U.S. District Judge, sentenced the Appellant on October 28, 2014, to a term of 180 months, as the mandatory active sentence. The Judgment in the criminal case was filed on December 17, 2014. The Notice of Appeal was filed by the Federal Public Defender on the 24th day of December, 2014, on the Appellant's behalf.

Jurisdiction was conferred to the U.S. District Court under 18 U.S.C. § 3231. Appellant jurisdiction was conferred upon the U.S. Court of Appeals for the Fourth Circuit under 28 U.S.C. § 1291 and Federal Rules of Appellate Procedure 4(b). Review of

1

the underlying sentence is conferred upon this Court by 18 U.S.C. § 3742(a)(2). The Order of supplemental briefing is directed under Appellate Rule 28(e).

## II.  STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.   **BY THE APPLICATION OF <u>JOHNSON V. UNITED STATES</u>, 135 S. CT. 2551 (DECIDED JUNE 26, 2015), WAS THE DEFENDANT WRONGFULLY SENTENCED AS AN ARMED CAREER CRIMINAL BY APPLICATION OF THE RESIDUAL CLAUSE UNDER 18 U.S.C. § 924(e)(2)(B)?**

2.   **SHOULD THE ABOVE SENTENCE BE STRICKEN, CAN THERE BE FURTHER APPLICATION OF THE ARMED CAREER CRIMINAL ACT TO IMPOSE A SENTENCE OF 15 YEARS OR GREATER?**

## III.  STATEMENT OF THE CASE

On April 28, 2014, a Federal Grand Jury for the Middle District of North Carolina returned a single count Indictment against the Appellant. The Indictment charges that on or about October 14, 2013, in Forsyth County, North Carolina, the Appellant, having three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, each conviction being for a crime punishable by imprisonment for a term exceeding one year, possessed a Taurus .38 caliber handgun, in violation of 18 U.S.C. § 922(g)(1) and 924(e).

On July 9, 2014, the Appellant pled guilty to the single count Indictment, pursuant to a written Plea Agreement that was accepted by the Trial Court on July 9, 2014. On that date, the Trial Court examined Mr. John A. Dusenbury, Assistant Federal

Public Defender, and the Appellant, in his own person, as to the form and voluntary entry of a plea of guilty to the single count Indictment. A portion of the plea colloquy indicates that if the Trial Court found at the time of sentencing that he made a determination that there had been three prior convictions in any Court for separately occurring violent felonies for serious drug offenses, the statutory penalties that may apply include a term of imprisonment of not less than 15 years, a period of supervised release not more than 5 years, and a potential fine. JA 29. The Trial Court went over the elements of the offense, the effect of Possession of a Firearm, and findings that the Appellant was fully competent and capable of entering the informed plea. JA 43. There were no objections to the Factual Basis entered on behalf of the Appellant. JA 44.

In the interim before sentencing, on September 23, 2014, the Appellant filed a pro se request to reject his Plea Agreement, and alleged in part, that he did not have three prior convictions for serious drug offenses or violent felonies. Appellant alleged that (1) under the Simmons case, he did not fit the criteria of an Armed Career Criminal in that he had not served an active sentence of over one year, and (2) that his attorney was ineffective in that he had not been informed of the terms and conditions of an Armed Career Criminal but had been told it was in his best interest to enter a plea, (3) that he

3

was not in his proper state of mind, and (4) he was incompetent because he did not receive certain medications. Appellant further filed a subsequent request to the Clerk of Court on October 21, 2014, alleging that certain previous cases for which he had been convicted had been "consolidated", under North Carolina law, related to the case of United States v. Davis, 720 F.3d 215 (4th Cir. 2013), that Mr. Dusenbury had again failed to inform him of the terms and conditions of an armed career offender, and that he was incompetent due to his failure to receive certain medication.

These issues were raised again at the time of sentencing, before the Honorable William L. Osteen, Jr., on October 28, 2014, where the Trial Court examined the issues set out in the Appellant's pro se motions. JA 55.

Upon recess, the Court considered any case law that was applicable, and returned to find that the objections noted by the Appellant in his pro se motions were precluded by case law. The Trial Court overruled the objections to the sentencing calculation. The Court went over the motions filed by the Appellant in detail, and the factors for withdrawal of a plea. The Court went through the colloquy with the Appellant at the Change of Plea, and the findings regarding Mr. Dusenbury's advice, as well as the indication from the Appellant related to medical or mental conditions.

4

After reviewing the plea colloquy in detail, the Court found that there was no basis for a motion to suggest that a plea was not involuntary, and that the advice of counsel had been competent and ordinary. JA 65. As a result, the Appellant's pro se motions were denied. JA 66. The Trial Court went through the findings of the Presentence Report, the advisory calculations of the Sentencing Guidelines, and allowed the Appellant to put on evidence through the Appellant's father, and other friends.

Counsel for the Appellant spoke at length regarding the mitigating factors available to the Appellant, and requested the Court for a sentence at the low end of the Guideline Range. JA 79.

After allocution by the Appellant, the Court considered the Guideline Range, the factors in the case under 18 U.S.C. § 3553, and found a sentence of 180 months followed by 5 years of supervised release to be the appropriate sentence. This is at the low end of the established Guideline Range, of 180 months to 210 months.

The Appellant gave Notice of Appeal through the U.S. Federal Public Defender's Office for the Middle District of North Carolina, by the Chief Public Defender, Louis C. Allen, on his behalf. Notice of Appeal was timely filed within seven (7) days of the entry of Final Judgment on December 17, 2014.

5

An appeal to the United States Court of Appeals for the Fourth Circuit was docketed under Case No. 14-4959, and counsel submitted an Anders Brief on or about the 26th day of March, 2015. A supplemental brief, filed pro se, pursuant to Anders v. California, was filed with the United States Court of Appeals on April 27, 2015.

Subsequent to the filing of these briefs, the United States Supreme Court, in consideration of the case of Johnson v. United States, 135 S. Ct. 2551 (2015), determined that the residual clause within the Armed Career Criminal Act, at 18 U.S.C. § 924(e)(2)(B) was void for vagueness. This raised an issue to the legal status of the sentence imposed in the Appellant's case.

The United States Court of Appeals for the Fourth Circuit issued a Supplemental Briefing Order filed August 10, 2015, requesting supplemental briefs due August 31, 2015. This brief is in response to that Supplemental Briefing Order.

A.   **STATEMENT OF THE FACTS**

The underlying indicted offense occurred on October 14, 2013, when an officer of the Winston-Salem Police Department noted a silver Audi Sedan in a parking lot of a local apartment complex. The officer checked the vehicle's registration, and found it had been revoked due to an insurance issue. The officer maintained surveillance, and noticed when the Audi Sedan exited

6

the parking lot. The officer pulled behind the car and activated the blue lights to stop the driver of the car. The driver of the car was identified as Jerry White, Jr. The passenger of the car was the Appellant. JA 97.

Once the car was stopped, and the officer had approached the vehicle, he smelled the odor of marijuana coming from the car. While making interaction with the driver, another responding officer spoke with the Appellant, seated in the vehicle. The officer observed Appellant make some motions to items near his waistband. The officer asked the Appellant to emerge from the vehicle, but since the passenger door was locked, the Appellant attempted to climb over the car seat to exit the driver's side of the vehicle. Once the back-up officer pulled the Appellant from the vehicle, he asked the Appellant to raise his hands, and the officer felt in the area near the waistband area that the Appellant had previously touched. JA 97.

The officer lifted the Appellant's sweatshirt and found the loaded Taurus .38 handgun in his waistband. The officer also located two water bottles from the passenger side of the vehicle that contained liquor. JA 97.

B.   **GUIDELINES APPLICATION**

In calculating the Appellant's Guidelines, the Presentence Report noted that the Appellant had previous North Carolina convictions for (1) Felony Common Law Robbery, 05CRS60359,

(2) Felony Common Law Robbery, 05CRS60660, (3) Felony Common Law Robbery, 05CRS60698, and (4) Felony Attempted Common Law, 05CRS60699, (5) Felony Common Law Robbery, 05CRS60662, (6) Felony Common Law Robbery, 05CRS60664, (7) Felony Common Law Robbery, 05CRS606700, and (8) Felony Conspiracy to Sell and Deliver Marijuana, 12CR54108. These offenses were deemed to have been committed on different occasions, under application of the Armed Career Offender status in 18 U.S.C. § 922(g) and 18 U.S.C. § 924(e). JA 98.

The Appellant's Criminal History Score of 16 established a Criminal History Category of VI. JA 107. The application and consideration of the felony offenses are detailed in Pages 7-11 of the Presentence Report.

By means of the pro se motions to withdraw the plea, the Appellant raised objection to the calculation of the Sentencing Guidelines related to the Armed Career Offender status, but agreed to allow the case to proceed, resulting in the Court's rulings. JA 58.

Based on the Appellant's objections filed, and findings by the Court, objections remained as to (1) the application of the Armed Career Offender Status, (2) calculation of Sentencing Guidelines and application of United States v. Simmons, and (3) application of United States v. Davis, and consolidation of offenses under North Carolina State law.

8

In consideration of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), the Appellant further contends that the application of the North Carolina charge of Common Law Robbery, and the elements of Common Law Robbery, require a strict interpretation be applied to the Armed Career Criminal Act. Application of the residual clause to the provisions of the Armed Career Criminal Act has previously been applied by the Fourth Circuit. The Appellant contends that the application to the Appellant would no longer apply, due to the Due Process Clause, which indicates that the residual clause of the Armed Career Criminal Act is no longer applicable.

## IV.  <u>SUMMARY OF THE ARGUMENT</u>

In consideration of <u>Johnson v. United States</u>, the Appellant contends that the United States Court of Appeals has previously determined that the North Carolina charge of Common Law Robbery would only apply to the Armed Career Criminal Act through the residual clause found at 18 U.S.C. § 924(e)(2)(B), which has been stricken by the United States Supreme Court as being void for vagueness. Based on the reading of the statute, Common Law Robbery would no longer apply through 18 U.S.C. § 924(e)(2)(B)(i) and (ii), which requires that the offense has an element, "the use, attempted use, threatened use of physical force against the person of another; or (ii) burglary, arson, or extortion, involves the use of explosives" 18 U.S.C.

§ 924(e)(2)(B)(ii). As such, the Armed Career Criminal status would no longer apply to the Appellant.

**V.   ARGUMENT**

**A.   BY THE APPLICATION OF JOHNSON V. UNITED STATES, 135 S. CT. 2551 (DECIDED JUNE 26, 2015), THE DEFENDANT WAS WRONGFULLY SENTENCED AS AN ARMED CAREER CRIMINAL BY APPLICATION OF THE RESIDUAL CLAUSE UNDER 18 U.S.C. § 924(e)(2)(B).**

**Standard of Review:** Appellate Courts review plea proceedings for *plain error*. (United States v. Bradley, 455 F.3d 453, 462 (4th Cir. 2006)). *Plain error* is an error which is (1) identified, (2) plain in nature, (3) affects substantial rights and (4) affects the fairness, integrity or reputation of judicial proceedings. See United States v. Brewer, 1 F.3d 1430 (4th Cir. 1993). Federal Rules of Criminal Procedure Rule 11 governs the district court's entering and acceptance of the defendant's guilty pleas. Any variation from this rule's requirements is considered harmless error unless the variation affects a defendant's substantial rights. Fed. R. Crim. P. Rule 11(h).

The Appellant further contends that the Rule from the Johnson case is a new rule of substantive law, and is not purely procedural in nature.

Johnson v. United States was determined on a case involving the Armed Career Criminal Act, appealed from the United States Court of Appeals for the Eighth Circuit, Certiorari was granted

10

by the United States Supreme Court, for review. The case was argued November 5, 2014, re-argued April 20, 2015, and decided June 26, 2015.

The initial case came from an argument by the Government that Johnson's prior conviction for unlawful possession of a shotgun met the definition under the Armed Career Criminal Act for a violent felony, that having been his third conviction of a violent felony. The District Court had applied the meaning of the residual clause in determining that the defense of Possession of a Short-Barreled Shotgun met the definition and required the application of a sentence of 15 years or greater. The Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, violated the Constitution's guarantee of due process. The decisions of James v. United States, 550 U.S. 192, 127 S. Ct. 1586, 167 L. Ed. 2d 532 (2007), and Sykes v. Unites States, 564 U.S. 1, 131 S. Ct. 2267, 180 L. Ed. 2d 60 (2011), were overruled.

In determining that the residual clause in part (ii) was no longer in effect, the Court found that the Armed Career Criminal Act defined "violent felony" as follows:

"Any crime punishable by imprisonment for a term exceeding one year...that---

"(i) has as the element, the use, attempted use, or threatened use of physical force against a person of another; or

11

"(ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." See <u>Johnson</u> at 2556. (The portion underlined has been stricken as part of the residual clause.)

The only convictions applied in the Appellant's case for application as a consideration for the Armed Career Criminal Act were common law robberies. JA 98.

In <u>Taylor v. United States</u>, 495 U.S. 75, 600, 110 S. Ct. 2143, 209 L. Ed. 2d 607 (1990), the United States Supreme Court held that the Armed Career Criminal Act requires courts to use a framework known as the categorical approach when deciding whether an offense is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Under the categorical approach, the Court assesses whether a crime qualifies as a "violent felony" in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion. See <u>Johnson</u>, at 2557.

The Supreme Court indicated that there was no abandonment of the "categorical approach" in determining whether an offense would fall under the Armed Career Criminal Act. See <u>Johnson</u>, at 2562.

12

Taylor also pointed out the utter impracticability of requiring a sentencing court to reconstruct, long after the original conviction, the conduct underlying that conviction. For example, if the original conviction rested on a guilty plea, no record of the underlying facts may be available. The "only plausible interpretation" of the law, therefore requires use of the categorical approach. See Johnson, at 2562.

The directives of Johnson, require the parties to re-examine how the Fourth Circuit has interpreted North Carolina's variant of Common Law Robbery, in applying the categorical approach to the convictions entered against the Appellant. In reviewing the elements of Common Law Robbery in North Carolina, the State must prove six things beyond a reasonable doubt:

1.    That the Defendant took property from the person of another or in his presence.

2.    That the Defendant carried away the property.

3.    That the person did not voluntarily consent to the taking and carrying away of the property.

4.    That at the time the Defendant intended to deprive him of its use permanently.

5.    That the Defendant knew he was not entitled to take the property.

6.    That the taking was by violence or by putting the person in fear. JA 100-102.

As the Court can see from the prior recitation of elements, the Fourth Circuit has determined Common Law Robbery to be in the residual clause. The designation is arguably due to the part that Common Law Robbery is satisfied by "putting the person in fear" and not because it had "an element, the use, attempted use or threatened use of physical force against a person of another." See 18 U.S.C. § 924(e)(2)(B)(i).

There have been similar applications in which the Court has directed that additional circumstances may be considered. "In those narrow circumstances in which an offense could have been committed in two ways, one of which required a finding of physical was used and the other of which did not, the District Court must look past the fact of conviction and the elements of the offense to determine which type of offense supported the Defendant's conviction." See United States v. Cook, 26 F.3d 507 at 509 (4th Cir. 1994). Nevertheless, where the Supreme Court has directed that a "categorical approach" be universally applied, that indication would be severely limited. This uncertainty marked was the reason for the "residual clause."

By application of the North Carolina elements for Common Law Robbery, ambiguity would exist again. In each occasion, the Court would be placed in the dilemma of trying to determine whether the victim was "put in fear" and for what purpose. By merely application of Common Law Robbery, the Courts have not

14

determined whether a fear would include some future fear, some extortion, fear for the injury or affect to a third party, or even fear that the person may not recover the property. The North Carolina Pattern Jury Instructions do not limit the application of Common Law Robbery to "crimes of violence."

The Fourth Circuit has previously determined that Common Law Robbery was inherently a "violent felony" that would fit under the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii), in that it "involves the conduct that presents a serious potential risk of physical injury to another." See United States v. Carmichael, 408 Fed. Appx. 769 (2011)(unpublished).

See also Newby v. United States, 2015 WL 1824246 (E.D.N.C. 2015) and Caldwell v. United States, 2014 WL 2986025 (W.D.N.C. 2014), again where the District Court had to make a determination of facts and determining that the residual clause be applied to determine the Common Law Robbery was a "violent felony."

Appellant would contend that the directive from Johnson v. United States was to adhere to a categorical approach to determining whether a particular offense would be a "violent felony." Otherwise, appellate courts are constantly revisiting statutes to determine whether there are underlying facts to change application, and requiring that the appellate courts constantly revisit the list of applications. By using the

categorical approach, this case by case analysis is to be avoided. This is specifically the issue that the United States Supreme Court was trying to address by indicating the categorical approach would be required to avoid the "vagueness" that affected the <u>Johnson</u> facts.

**B.   SHOULD THE ABOVE SENTENCE BE STRICKEN, CAN THERE BE FURTHER APPLICATION OF THE ARMED CAREER CRIMINAL ACT TO IMPOSE A SENTENCE OF 15 YEARS OR GREATER?**

Based on the foregoing, the Appellant contends that Common Law Robbery would not fit into a definition under 18 U.S.C. § 924(e)(2)(B), in that the North Carolina Common Law Robbery application does not require an element of "the use, attempted use, or threatened use of physical force against a person of another, or requires a burglary, arson or extortion where it involves the use of explosives.

Should the categorical application be applied consistently with previous case law, the Appellant would not be an Armed Career Offender, nor would he be subject to the Sentencing Guidelines requiring a sentence of 15 years or greater.

## VI.   <u>CONCLUSION</u>

Consistent with the requirements of this Court and compliance with the Order of August 10, 2015, the Appellant contends that the District Court committed reversible error by treating the Appellant's prior Common Law Robbery offenses as

violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

The Appellant, as further part of his prayer for relief, does request that this Court remand this case to the District Court for imposition of sentence, expressly excluding application of the Armed Career Criminal Act, consistent with other Orders of this Court.

Respectfully submitted,

*/s/ Robert L. McClellan*
Robert L. McClellan
NCSB# 8385

IVEY, McCLELLAN, GATTON &
SIEGMUND, LLP
100 South Elm Street
Post Office Box 3324
Greensboro, North Carolina 27402
E-mail: rlm@imgt-law.com

Attorneys for Defendant-Appellant,
Ennis Billups

Greensboro, North Carolina

August 31, 2015

## <u>CERTIFICATE OF COMPLIANCE</u>

1.  This brief complies with the type-volume limitation of Fed.
    R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [      ] this brief contains [*state the number of*] words,
    excluding the parts of the brief exempted by Fed. R. App.
    P. 32(a)(7)(B)(iii), *or*

    [ X ] this brief uses a monospaced typeface and contains
    [*409*] lines of text, excluding the parts of the brief
    exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed.
    R. App. P. 32(a)(5) and the type style requirements of Fed.
    R. App. P. 32(a)(6) because:

    [      ] this brief has been prepared in a proportionally
    spaced typeface using [*state name and version of word
    processing program*] in [*state size and name of font*]; or

    [ X ] this brief has been prepared in a monospaced
    typeface using [*Microsoft Word 2007*] with [*12 inch per
    character Courier New Font*].

Dated: <u>August 31, 2015</u>        <u>/s/ Robert L. McClellan</u>
                                      *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 31st day of August, 2015, I caused this Supplemental Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Andrew C. Cochran
> Michael F. Joseph
> OFFICE OF THE U.S. ATTORNEY
> 101 South Edgeworth Street, Fourth Floor
> Greensboro, North Carolina  27401
> (336) 333-5351
>
> *Counsel for Appellee*

I further certify that on this 31st day of August, 2015, I caused the required copies of the Supplemental Brief of Appellant and Joint Appendix to be hand filed with the Clerk of the Court and a copy of the Sealed Volume of the Joint Appendix to be served, via UPS Ground Transportation, upon counsel for the Appellee, at the above address.

/s/ Robert L. McClellan
*Counsel for Appellant*